**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **TABITHA KILES, et al.,** | ) | **CASE NO. 5:26CV179** |
| | ) | |
| **Plaintiffs,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **vs.** | ) | |
| | ) | **ORDER** |
| **THE GOODYEAR TIRE & RUBBER COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**CHRISTOPHER A. BOYKO, J.:**

This matter comes before the Court upon the Motion (ECF DKT #39) of Defendant The Goodyear Tire & Rubber Company for Reconsideration. Goodyear asks the Court to reconsider the Opinion and Order (ECF DKT #38) holding that Plaintiffs' ERISA Statutory Violation Claim survives dismissal. Specifically, Goodyear asks the Court on reconsideration to address the decision in *Trout v. Meijer, Inc.*, No. 1:25-cv-1378, 2026 WL 2581855 (W.D. Mich. Sept. 1, 2026) ("*Trout II*"), which Goodyear insists will lead to the conclusion that Plaintiffs' remaining Claim should also be dismissed.

## LAW AND ANALYSIS

### Reconsideration

"District courts possess the authority and discretion to reconsider and modify interlocutory judgments any time before final judgment." *Rodriguez v. Tenn. Laborers Health & Welfare Fund,* 89 F.App'x 949, 952 (6th Cir.2004). *See also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S.1, 12 (1983) ("every order short of a final decree is subject to

reopening at the discretion of the district judge"). "District courts have authority both under common law and Rule 54(b) to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment." *Rodriguez*, 89 F.App'x at 959.

"Traditionally, courts will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Id.* (citing *Reich v. Hall Holding Co.,* 990 F.Supp. 955, 965 (N.D.Ohio 1998)). However, as announced in *Davie v. Mitchell*, 291 F. Supp. 2d 573 (N.D. Ohio 2003): "Motions for reconsideration are disfavored, and a motion for reconsideration is unfounded unless it either calls ... attention to an argument or controlling authority that was overlooked or disregarded in the original ruling, presents evidence or argument that could not previously have been submitted, or successfully points out a manifest error of fact or law." *Id*. at 634.

Goodyear contends that the Court committed "clear error" because the Opinion and Order "overlooked" the "*Trout II*" decision.

The parties in the captioned case submitted a total of six Notices of Supplemental Authority along with six Responses. To be clear, the Court read **all** the submissions, including "*Trout II,*" and did not overlook it, even though it was submitted for consideration four months after briefing on the Motion to Dismiss had closed.

"*Trout II*" is a Michigan district court decision and is not binding nor controlling. The Court did not disregard "*Trout II*;" rather, found it unpersuasive and distinguishable. Defendant Meijer made an as-applied challenge to the ERISA regulation, which Goodyear did not argue here. The Court will not entertain an entirely new argument by Goodyear on reconsideration

which was not presented originally. Moreover, neither Plaintiffs nor Goodyear provided the employer wellness plan documents for review. The court in "*Trout II*" had the Meijer plan before it; while the parties here denied the Court the same opportunity.

Goodyear's disagreement with the Court's decision does not provide a basis for reconsideration absent any evidence or argument which could not previously have been presented or any manifest error of fact or law. There has been no intervening change in the law.

Therefore, for these reasons, the Court denies the Motion (ECF DKT #39) of Defendant The Goodyear Tire & Rubber Company for Reconsideration.

**IT IS SO ORDERED.**

**DATE**: **10/23/2026**

**s/Christopher A. Boyko**
**CHRISTOPHER A. BOYKO**
**United States District Judge**